HUGH THOMPSON and another *vs.* COUNTY OF POLK.

January 27, 1888.

Counties—Injuries from Defective Plan of Ditch.—A county is not liable for a defect or want of efficiency in the plan of a ditch, established pursuant to the provisions of Laws 1883, *c.* 108.

Same—Injuries from Negligent Construction of Ditch.—Neither is it liable for the negligence or failure of the contractor to whom a job is let by the county auditor, to perform the work in accordance with the plan adopted.

Appeal by defendant from an order of the district court for Polk county, *Mills,* J., presiding, overruling a demurrer to the complaint.

*Frank Ives,* for·appellant, cited *Titler* v. *Iowa Co.,* 48 Iowa, 90; 3 Dillon, Mun. Corp. § 974; *N. Y. & Brooklyn Saw Mill & Lumber Co.* v. *City of Brooklyn,* 71 N. Y. 580; *Lorillard* v. *Town of Monroe,* 11 N. Y. 392, (62 Am. Dec. 120;) *People* v. *Supervisors,* Id. 563; *Russell* v. *Mayor of New York,* 2 Denio, 461; · *Martin* v. *Mayor of Brooklyn,* 1 Hill, 545.

*R. A. Wilkinson,* for respondents, cited *Hickok* v. *Trustees of Plattsburgh,* 15 Barb. 427; *Glidden* v. *Unity,* 10 Foster, 104; *Conrad* v. *Trustees of Ithaca,* 16 N. Y. 158; 1 Dillon, Mun. Corp. § 99; *Woodruff* v. *Town of Glendale,* 23 Minn. 537; 26 Minn. 78; *Dowlan* v. *County of Sibley,* 36 Minn. 430, (31 N. W. Rep. 517;) *Altnow* v. *Town of Sibley,* 30 Minn. 186; *Dosdall* v. *County of Olmsted,* Id. 96; *Hannon* v. *County of St. Louis,* 62 Mo. 313; *Hawkes* v. *Charlemont,* 107 Mass. 414; *Child* v. *City of Boston,* 4 Allen, 41, 52, (81 Am. Dec. 680;) *Lawrence* v. *Inhabitants of Fairhaven,* 5 Gray, 110; *Ashley* v.

*Port Huron,* 35 Mich. 296; *Van Pelt* v. *City of Davenport,* 42 Iowa, 308; *O'Brien* v. *City of St. Paul,* 25 Minn. 331; *McClure* v. *City of Red Wing,* 28 Minn. 186; *Township of Blakely* v. *Devine,* 36 Minn. 53, (29 N. W. Rep. 342;) *Peters* v. *Town of Fergus Falls,* 35 Minn. 549, (29 N. W. Rep. 586;) 2 Dillon, Mun. Corp. §§ 964–1000, 1017.

MITCHELL, J. Appeal from an order overruling a demurrer to the complaint. The *gravamen* of the complaint is that the defendants, in excavating and constructing two ditches, (which crossed plaintiff's premises, and which caused large quantities of water, which would not otherwise do so, to flow over and through the premises,) excavated and constructed the same so carelessly, negligently, defectively, and unskilfully as to cause and permit the water in the ditches to escape and overflow plaintiffs' land. Although it is alleged that defendants constructed the ditches, yet, as it is also alleged that they acted under the provisions of Laws 1883, *c.* 108, it must be assumed that in whatever was done they proceeded in accordance with the statute referred to. This act authorizes the board of county commissioners, when the same will be conducive to public health, convenience, or welfare, or where the same will be of public benefit or utility, to cause to be constructed any ditch or water-course within their county, in the manner therein provided, which is, in substance, as follows: Whenever the requisite petition is filed, the board is required to appoint three viewers, who meet at a time and place fixed and make an accurate survey of the entire line of the proposed ditch, and also a complete profile or plan, with specifications, showing how the work is to be done, the depth of the cut, and its width at the top and bottom, the total cost, and the number of yards of earth to be removed in each section. Damages and benefits are estimated by them, and awarded to or assessed against the lands damaged or benefited. They are also to report whether or not the proposed ditch will be of public utility. All persons whose lands may be affected have the right to appear and be heard before the viewers. Upon the filing of their report the county auditor is to give notice of the time when the same will be considered by the board. If the viewers report against the ditch the board dismisses the petition. If they report in its favor, and there is no remonstrance against it, and if they find that it will be of public utility,

the board is required to establish the ditch as specified in the viewers' report, and the damages awarded to any land-owner are to be paid out of the county treasury. If any person interested files a remonstrance against the ditch, as located across his lands, or against the assessment of benefits to his land, or against the damages awarded him, the board is required to appoint three reviewers, whose powers and duties are similar to those of the viewers, except that if they find the ditch will be of public utility they cannot change its line as located by the viewers except at the places complained of in the remonstrances. If the reviewers report in favor of the ditch as located, with or without changes, the board is required to establish the ditch in accordance with such report. Any person aggrieved may appeal to the district court, either upon the propriety of establishing the ditch at all, or upon the practicability of the route, or upon the amount of benefits assessed against his land, or upon the amount of damages awarded him. As soon as the matter is finally determined in favor of the establishment and construction of the ditch, the county auditor is required to give notice of the time and place when he will sell to the lowest bidder the job of digging and constructing each share or allotment of the ditch. At such time the auditor lets the job to the lowest bidder, who contracts to construct such share or allotment in the manner set forth in the report of the viewers or reviewers on which the ditch was established, and gives a bond to the state conditioned for the faithful performance of his contract. When he completes his job the contractor notifies the county surveyor, who examines the work, and, if done according to contract, gives the contractor a certificate of acceptance, stating the amount due, which is a lien upon the land against which such share or allotment was assessed.

We agree with the learned district judge that the powers and duties devolved by the act upon the board of county commissioners are devolved upon them in their corporate capacity, as representatives of the county, and are quite analogous, in many respects, to the powers and duties devolved upon them in laying out a county road. But this fact is not decisive of the question of the liability of the county for the damages complained of. The complaint is indefinite as to whether these damages result from a defect in the plan of the ditch

as established, or from the negligence of the contractor in not doing the work in accordance with that plan. If it be the first, the county is clearly not liable. The duties imposed by this act upon the board are not of the class of municipal or corporate duties from which the county, as such, derives any direct or special benefit, but a public service for the general welfare, imposed upon the county as one of the municipal subdivisions of the state. In adopting a plan of the ditch, and in establishing it, both the viewers or reviewers and the board are in the exercise, not of a ministerial, but of a *quasi* judicial duty, and the county would not be liable under the provisions of this act for any defect or want of efficiency in the plan thus adopted. All questions as to the propriety of establishing the ditch, or as to the plan of it, as well as to the amount of damages to be awarded to those whose lands will be injuriously affected by the construction of the ditch according to that plan, are finally and conclusively determined by the proceedings under the statute itself—*First*, by the viewers; *secondly*, in case of remonstrance, by the reviewers; and, *lastly*, in case of appeal, by the district court.

If the establishment of a proposed ditch according to a given plan would result in overflowing or submerging the land of another, this would at least entitle him to damages, and would probably be sufficient reason for not establishing the ditch at all; for the statute could hardly have been intended to authorize a ditch to drain the lands of one man by discharging the waters upon the land of another, there to be deposited and remain without any outlet. But, as before remarked, these are all matters for the consideration of the various tribunals appointed by the statute for their determination, upon view, review, or appeal, which are the land-owner's only remedies.

Neither can we see any ground upon which the county can be held liable if the damages resulted from the negligence of the contractor, or his failure to do the work in accordance with the adopted plan. The work was not done by the defendants themselves, nor by their servants, but by an independent contractor, whom they had no right to command, over whose conduct they had no efficient control, whose operations they could not direct, and whose negligence they could not restrain. The damage was not done in the performance of any

work for the benefit of the county in its corporate capacity, or from which it derived any special and direct pecuniary benefit, from the doing of which any implied obligation or liability might arise. Neither was the injury caused by the maintenance of a nuisance upon the property of the county. We can see no principle upon which the doctrine of *respondeat superior* can be made to apply. The plaintiffs' only remedy in such a case is against the contractor. Whether they might have a right of action upon his bond given to the state is a question, of course, not now before us.

We think that the complaint states no cause of action, and that the demurrer should have been sustained.

Order reversed.