## STATE v. EMMA TUCK.[1]

December 9, 1910.

Nos. 16,744—(38).

**Ditch assessment — change in starting point — application for judgment.**
   *Held*, following State v. Johnson, 111 Minn. 255, 126 N. W. 1074, that a change by the engineer in the starting point of a ditch, even if it be not authorized by the statute, cannot be interposed as a defense in proceedings to obtain judgment for a ditch assessment lien.

Application to the district court for Crow Wing county to enforce the payment of real estate taxes, delinquent on the first Monday in January, 1909. The answer of defendant alleged that a portion of the amount sought to be collected was an instalment of an alleged assessment for a certain ditch known as County Ditch, No. 11; that

1Reported in 128 N. W. 823.

the proceedings in regard to the construction of that ditch were wholly void and without jurisdiction as to the defendant, and set out several objections to the proceedings, and alleged a tender of the balance of the amount sought to be collected. The matter was tried before McClenahan, J., who made findings of fact and as conclusion of law ordered judgment in favor of defendant. From the judgment entered pursuant to the order, plaintiff appealed. Reversed and remanded, with direction to the district court to cause judgment to be entered so as to include the amount of the ditch assessment lien.

*W. A. Fleming,* County Attorney, for the State.

*E. P. Adams,* for respondent.

START, C. J.

Appeal from the judgment of the district court of the county of Crow Wing, discharging the defendant's land from a ditch assessment lien, to enforce payment of which this proceeding was instituted. The facts upon which the judgment is based are, briefly stated, these:

On October 7, 1905, a petition, sufficient in form and substance, praying the board of county commissioners of the county to lay out and establish a public ditch, as provided by Laws 1905, p. 303, c. 230, was duly made and filed with the county auditor. Notice of the time and place of hearing on the petition was duly published, mailed, and posted, except the only proof of posting was the testimony of the auditor that, relying upon his uniform custom to post such notices, he believed that he posted them in this case. The record discloses no evidence nor finding to the contrary. On the hearing on the petition an engineer was appointed, who thereafter made his report, wherein he fixed the point at which the ditch should commence one and one-half miles west of the point named in the petition, for the reason that the slope of the land was such that it was not practicable to construct a ditch so as to convey the water from the point named in the petition to the point fixed by him; or, in other words, because it was not practicable to make water run in a ditch uphill, the ditch was established and constructed in accordance with the report of

the engineer. The defendant's land was included in the ditch proceeding and assessed for the benefits thereto due to the construction of the ditch. The trial court was of the opinion that the change by the engineer in the starting point of the ditch was such a substantial change of the original plan as to render the entire proceedings invalid, and accordingly ordered judgment for the defendant.

Whether the engineer was authorized by the statute (Laws 1905, pp. 306, 308, 310, c. 230, § 4) to change the starting point of the ditch—that is, whether the point selected by him was as near the point described in the petition as was reasonably practicable—is a question that we find is not necessary to determine. Since the decision of the trial court in this case, this court held in the case of State v. Johnson, 111 Minn. 255, 126 N. W. 1074, that R. L. 1905, § 919, limiting the defenses which may be interposed by a landowner on application for judgment for delinquent taxes, applies to ditch assessment liens sought to be included pursuant to the drainage laws. A majority of the court, following the case cited, are of the opinion that a change by the engineer in the starting point of a proposed ditch, even if it be not authorized by the statute, cannot be interposed as a defense in proceedings to obtain judgment for a ditch assessment lien.

It follows that the judgment appealed from must be reversed, and cause remanded, with direction to the district court to cause judgment to be entered so as to include the amount of the ditch assessment lien.

So ordered.

LEWIS, J. (dissenting).

I dissent. I agree with the trial court that the act of the engineer in changing the point of commencement of the ditch from that named in the petition to a point one and one-half miles distant, was without authority of law and rendered the whole proceeding void. The proceedings were as futile as though the engineer had laid out a ditch without any petition whatever. If void, then the property was not subject to assessment, and respondent was expressly authorized by section 919, R. L. 1905, to interpose that defense upon the applica-

tion for judgment, and was not required to take any active steps to prevent the digging of the ditch.

This is not a case where the authorities were authorized to make a reassessment, within the principle of State v. District Court of Ramsey County, 95 Minn. 183, 103 N. W. 881, and City of St. Paul v. Mullen, 27 Minn. 78, 6 N. W. 424, and I do not consider State v. Johnson, 111 Minn. 255, 126 N. W. 1074, as applicable.