## T. S. SLINGERLAND v. GEORGE CONN.[1]

January 13, 1911.

Nos. 16,848—(181).

**Order establishing ditch — technical description.**

The description of a ditch in drainage proceedings, as contained in the report of the engineer and order laying the same, need not be couched in such language that every layman may trace its location. It is sufficient, though described in part by technical words and recognized signs and abbreviations, if a competent civil engineer or surveyor may therefrom definitely locate the ditch upon the ground.

**Same — no equitable action to correct irregularities.**

The remedy for the correction of irregularities and defects in drainage proceedings is by direct attack, and parties to such proceedings cannot maintain an equitable action for that purpose.

Action in the district court for Dodge county to restrain defendant, the owner of a ditching or dredging machine and at work with it near certain land of plaintiff, from continuing the work and excavating any ditch upon and across that land, as he threatened to do. The answer set up the due laying out of a judicial ditch by the district court for that county, pursuant to Laws 1907, c. 448, the letting and execution of the contract for its construction to defendant, and his partial performance of the contract; and alleged that plaintiff

[1] Reported in 129 N. W. 376.

[Note]   Procedure for establishment of drains and sewers, see note in 60 L.R.A. 161.

was a party to the proceedings, appeared and was heard from time to time in the proceedings; that he had notice of the entry of the final decree, which confirmed the award of damages and benefits from such ditch, and made no objection thereto but acquiesced therein. The reply was a general denial. The action was tried before Buckham, J., who made findings and dismissed the action on the merits. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Norton & Norton* and *Lord & Ronken,* for appellant.

*Morgan & Meighen,* for respondent.

BROWN, J.

Proceedings were duly commenced under the provisions of chapter 448, p. 641, Laws 1907, for the construction of a drainage ditch in Dodge county. The proceedings seem to have been in all things regular, and culminated in an order by the district court for the construction of the ditch; the same being designated as "Judicial Ditch No. 1, Dodge County." Notice of the hearing on the petition for the ditch was duly given, and the engineer appointed for the purpose made a detailed report, embodying therein maps and charts, showing the course, distance, and complete profile of the proposed improvement. A contract was subsequently let for the construction work, and the contractor entered upon the performance of the same. Thereafter plaintiff, who was served with notice of the proceedings, and who appeared on the first hearing of the petition and took part therein, and whose land was affected by the ditch, brought this action against the contractor to restrain and enjoin the work of construction. The grounds of the action are alleged defects in the drainage proceedings, and particularly that the termini of the ditch and its various courses and distances cannot be determined from the report of the engineer or the order of the court establishing the ditch, and therefore that the ditch proceedings are wholly void. Judgment was ordered for defendant, and plaintiff appealed from an order denying a new trial.

1. We are not required to consider the points made by plaintiff respecting the validity of the ditch proceedings; for it is clear, as

urged by defendant, that the action cannot be maintained by plaintiff. We may remark, in passing, however, that technical nicety is not essential in describing the ditch in proceedings of this character. The description need not be couched in such language that every layman may trace it upon the ground. If it be so described, though in technical words and recognized signs and abbreviations, that any competent civil engineer or surveyor can accurately locate it, the requirement of definiteness and certainty is sufficiently complied with. Johnson v. County of Morrison, 107 Minn. 87, 119 N. W. 502, is wholly unlike the case at bar, and is not to be extended to the extent of embarrassing proceedings of this kind.

But the action cannot be maintained. Plaintiff was a party to the ditch proceedings, his lands were affected thereby, and the objections now urged against the validity thereof should have been presented in that proceeding, either by appeal or certiorari. State v. Johnson, 111 Minn. 255, 126 N. W. 1074. The question is fully discussed in the case cited, and requires no further mention. The result is that all objections to the validity of drainage proceedings must, as to parties to the proceedings, be determined therein, in default of which the order laying the ditch becomes final and free from collateral attack. Albrecht v. City of St. Paul, 47 Minn. 531, 50 N. W. 608; Fajder v. Village of Aitkin, 87 Minn. 445, 92 N. W. 332, 934; Schumacher v. Board of Co. Commrs. of Wright County, 97 Minn. 74, 105 N. W. 1125. The rule is otherwise as to those who are not parties to the proceedings and whose lands are not included therein. Bilsborrow v. Pierce, 101 Minn. 271, 112 N. W. 274. Nor does it apply to a case like Jurries v. Virgens, 104 Minn. 71, 116 N. W. 109, where long after the order laying the ditch a substantial departure is made in the construction thereof to the substantial damage of the property owner. The case of Johnson v. Town of Clontarf, 98 Minn. 281, 108 N. W. 521, was disposed of on the ground that the board of county commissioners, whose action in laying out a public highway was there involved, had no jurisdiction of the subject-matter, and is therefore not here in point.

Order affirmed.

JAGGARD and SIMPSON, JJ., took no part.