## GEORGE JACOBSON v. COUNTY OF LAC QUI PARLE and Another.[1]

July 19, 1912.

Nos. 17,618—(178).

**Ditch assessment — action to enjoin enforcement.**

The plaintiff, in an action to vacate a ditch assessment and to enjoin the enforcement thereof, stands, at most, in no better position to attack such assessment than he would if he were objecting to the entry of judgment on the first instalment thereof, under R. L. 1905, § 919.

**Defenses to assessment.**

R. L. 1905, § 919, relative to defenses which may be made upon an application for judgment on a tax assessment, applies to ditch assessments.

**Confirmation of assessment conclusive, when.**

In the absence of an appeal, and of fraud or demonstrable mistake, the county board's confirmation of a ditch assessment, made under R. L. 1905, § 2586, et seq., is conclusive of the utility of the ditch and the benefits conferred thereby.

**Complaint insufficient against demurrer.**

Complaint in an action to vacate a ditch assessment *held* to allege neither fraud nor demonstrable mistake, and to be obnoxious to a general demurrer.

[1] Reported in 137 N. W. 419.

Action in the district court for Lac qui Parle county to set aside an assessment and to enjoin the county auditor from filing a lien statement in the office of the register of deeds as a lien against plaintiff's land, and that, if the lien statement be so filed before the determination of the action, that the lien and cloud created thereby be removed. From an order, Qvale, J., sustaining defendants' demurrer to the complaint, plaintiff appealed. Affirmed.

*A. W. Ewing* and *H. O. Halvorson,* for appellant.

*N. F. Soderberg,* for respondents.

PHILIP E. BROWN, J.

Action to vacate and set aside a ditch assessment against the plaintiff's lands, situated in Lac qui Parle county, and to enjoin the county auditor from filing a lien statement, and, in case such statement is so filed before the determination of the action, to remove the cloud created thereby, and for general relief. From an order sustaining a general demurrer to the complaint, the plaintiff appeals.

The complaint alleges the due establishment of the ditch by the board of county commissioners on November 19, 1909; that three forties of land then owned by the plaintiff were affected thereby; the construction of the ditch so far as it affects the plaintiff's lands referred to; and the execution by the county auditor of a lien statement against the said lands, as provided by law. No complaint whatever is made of any irregularity or omission in the ditch proceedings; the sum and substance of the cause of action relied on being that the ditch fails to furnish the drainage contemplated and intended at the time of the making of the assessments, and that such failure of utility and consequent alleged wrongful assessment is not the result of a mere misjudgment of the assessing power, but that the error in the assessment is so gross that it must have resulted from a demonstrable mistake, and that hence the plaintiff is entitled to the relief demanded. In other words, it is variously alleged, with respect to the said land owned by the plaintiff and affected by and assessed for the drain, that such drain does not furnish drainage for the surface water upon the said lands, and is not low enough to afford any subdrainage thereto; that the branch drains are too small to carry off all the water dur-

ing wet seasons; that the land is now no better drained than before the ditch was constructed; that the viewers, in making the assessment, were informed by the engineer that the ditch would thoroughly drain the land and make it first-class tillable agricultural land, and that the said assessment was so made by the viewers and confirmed by the county board under a mistake of fact in relation thereto, and upon the basis, belief, and presumption that the said lands would be thoroughly drained, but that in fact the said ditch is of no benefit to the lands so assessed; that in wet seasons and rainy spells, and during the melting of the snow in the spring of the year, a large amount of water is discharged from a natural watershed in a natural watercourse upon the plaintiff's lands, that no provision is made for caring for this water, and that the plaintiff's assessed lands are still subject to overflow, the said ditch not being so constructed as either to take care of this water before it reaches the plaintiff's lands or thereafter; that at the time of the survey for the said ditch, and the branch thereof which enters the plaintiff's lands, a survey was made for another branch across certain low portions of the said lands, and stakes were set marking the course of such survey, which stakes were in the ground and visible when the view of the premises was made by the viewers, and that their assessment was made in the belief, and relying on the said proposed survey, that an additional branch, as surveyed and marked on the ground, should be constructed for the purpose of draining the said low land and to take care of the watershed to which the plaintiff's land is servient; that the plaintiff was informed and believed that the said branch would be built, and did not learn the contrary until long after the time for appealing from the assessments had expired; that he relied thereon, and upon the surveyor's assurance that it would be built, at the time of the confirmation of the assessment by the county board, and, further, that he relied upon the presumption that the drain to be constructed would drain his land, and did not discover the contrary until too late to appeal from the assessments; that the viewers, in assessing the benefits, did not base the assessment upon the true facts as to utility of the ditch, but based such assessment of benefits upon the mistaken belief of the engineer and themselves as to the utility of the ditch, and upon the

mistaken belief that such other branch was to be constructed, and upon the mistaken belief that the ditch would thoroughly drain the plaintiff's lands; that the said assessments were made and confirmed by the county board under all of the said mistakes of facts, with the result that the plaintiff's lands have been unequally and partially assessed, which assessments, if permitted to stand, will compel the plaintiff to pay the same without compensation; that by reason of scarcity of rainfall in the previous years the plaintiff did not know until September, 1911, that the ditch was inadequate and useless, which fact he then learned by having a survey made by a "competent engineer;" that the county auditor's lien statement, when filed, will be a lien on the plaintiff's lands, etc.; that the assessment will be payable in ten equal instalments, and to defend the same in proceedings to enforce the payment of such instalments will result in a multiplicity of suits; and that the defendant has no adequate remedy at law.

1. Probably, aside from the allegation of multiplicity of suits, the plaintiff's remedy, if any he has, is under R. L. 1905, § 919. See Schumacher v. Board of Commrs. of Wright County, 97 Minn. 74, 105 N. W. 1125; State v. Johnson, 111 Minn. 255, 126 N. W. 1074; Lindbergh v. County of Morrison, 116 Minn. 504, 134 N. W. 126. But since it would be, in a sense, futile to deny the right of the plaintiff to equitable relief and send him back to another action, and also in view of the fact that a general demurrer only was interposed, we will assume, without deciding, that the plaintiff has a standing to ask for equitable relief, if entitled to any relief at all, and will determine the case upon its ultimate merits, without reference to the form of the remedy.

The question then is: Does the complaint state grounds for either equitable or legal relief, or for any relief in any form of action or proceeding known to our law?

Clearly the plaintiff stands in no better position to object successfully to this entire tax in this action than he would, were he objecting to the entry of judgment on the first instalment thereof under section 919 of the tax law. Recognizing, then, on the authority of State v. Johnson, supra, that the said section 919 applies to ditch assessments,

119 M.—2.

and, on the authority of the same case, that under such section the landowner is precluded by the ditch proceedings only as to matters going to the regularity thereof, and not as to matters affecting the merits of the tax, and, on the authority of County of Otter Tail v. Batchelder, 47 Minn. 512, 516, 50 N. W. 536, that upon an application for judgment the landowner might, under said section 919, show a "demonstrable mistake of fact," yet we do not think the plaintiff here has made any case by his complaint.

The ditch proceedings were in rem (McMillan v. Board of Commrs. of Freeborn County, 93 Minn. 16, 100 N. W. 384), were concededly regular, and there was full and complete jurisdiction.  The plaintiff, in short, seeks merely a review of those very matters which were, of necessity, determined by the county board in the proceedings to establish the ditch, and upon which the plaintiff could and would have been heard, had he seen fit to interpose his objections therein; and, though he insists that he did not discover his grounds of complaint until after the assessments had been made, it seems to us clear that the objections are not of a kind that can be made after the county has incurred the expense of constructing the ditch, for the objections are grounded upon matters which were necessarily involved in the original petition, the report of the viewers, and the order establishing the ditch.  If matters of this kind were open to question under section 919, the result would be that the merits of ditch assessments would have to be retried every time any landowner saw fit to object to an application for judgment upon an assessment on the ground that the ditch did not perform the function anticipated, and we do not deem this to be the law.  Thompson v. County of Polk, 38 Minn. 130, 36 N. W. 267; Slingerland v. Conn. 113 Minn. 214, 129 N. W. 376; Dalberg v. Lundgren, 118 Minn. 219, 136 N. W. 742.  To permit a party to make this defense to a tax imposed to defray the expenses of a ditch under circumstances here alleged, would often, as stated in State v. Johnson, supra, "result in transferring the burden from those who received all the benefit to those who received none."

The allegations of the complaint show a mere error of judgment, if it may be said that any mistake at all is alleged, and such is not

the demonstrable mistake of fact of which the landowner may complain. See State v. Board of Public Works, 27 Minn. 442, 8 N. W. 161. The statute (R. L. 1905, § 2587) requires that the petition to establish the ditch shall fully describe the ditch, that the engineer shall make complete and elaborate plans and specifications, based upon his survey (section 2588), and shall make a complete report of his proceedings, and the viewers are then appointed and proceed to estimate the benefits, etc. (Section 2590.) It must be held, therefore, that after the making of the order establishing the ditch the assessment should be conclusively presumed to have been made on the basis of the engineer's survey and report, and not on his declaration or upon other collateral matters. And if the plaintiff, as alleged, did not discover his grounds of complaint until too late to urge them in the ditch proceedings, the same must have been due either to his neglect or to circumstances against which the statutes have not undertaken to provide. The matter of the sufficiency of a drain and the resulting benefits therefrom must necessarily depend upon estimates and judgment formed before such matters have been tested by actual results, and, in the absence of fraud or mistake other than of judgment, such matter is concluded by the ditch proceedings. No fraud is expressly alleged by the complaint, nor is there any allegation therein upon which such a charge can be predicated.

Having determined that, so far as shown by the allegations of the complaint, there was no such mistake of fact in making the assessment here involved, and no fraud, nor any ground of complaint which would be available to the plaintiff in any proceedings of whatsoever nature, the plaintiff's allegations relative to his reasons for not appealing are rendered immaterial. The time for taking an appeal cannot be extended. 1 Dunnell, Minn. Dig. § 318.

Order affirmed.