## STATE v. CHARLES A. LINDBERG and Another.[1]

December 27, 1912.

Nos. 17,945—(6).

**Collateral attack upon ditch proceedings.**

The rule that parties to ditch proceedings cannot, after completion of the proceedings and the construction of the ditch, be heard to attack the validity of the proceedings in a collateral action, followed and applied.

**Entry of judgment invalid.**

A landowner, whose land had been assessed for benefits from the construction of a drainage ditch, failed to pay the assessment, and the amount thereof was entered upon the delinquent tax list for collection as required by the drainage statute. He appeared in that proceeding and interposed in defense the invalidity of the ditch proceedings. The court sustained the defense and directed the entry of judgment discharging the land from the assessment. The clerk of the court, upon the same paper and at the end of the findings and order of the court, made the entry, "Judgment is hereby entered in accordance with the foregoing." No formal judgment was entered. It is *held:* (1) That this entry did not constitute a valid judgment within the requirements of the statutes upon the subject of judgments in delinquent tax proceedings; and (2) that it did not preclude the right of the court, after the expiration of the time for appeal from judgments properly entered, from entertaining and granting an application for amended findings.

[1] Reported in 139 N. W. 286.

**Amended ·findings sustained by evidence.**

The amended findings *held* sustained by the evidence.

**No estoppel by county attorney's admission.**

An admission by the county attorney, express or implied, of the validity of the judgment so attempted to be entered by the clerk, *held* not to estop the state or the county.

In the matter of proceedings in the district court for Morrison county to collect real estate taxes delinquent in January, 1909, plaintiff obtained an order upon defendants, as executors of the last will and testament of Howard P. Bell, deceased, to show cause why the judgment entered therein should not be set aside and the findings amended in accordance with the facts and the evidence. The order to show cause was heard by Taylor, J., who made findings and as conclusion of law found that the judgment should be entered in the form provided by statute against the respective parcels of land mentioned in the proceeding. From the judgment entered against specified parcels of land, the executors appealed. Affirmed.

*E. P. Adams,* for appellants.

*D. M. Cameron,* for respondent.

BROWN, J.

On July 15, 1903, a petition in due form was presented to the board of county commissioners of Morrison county, praying for the construction of a drainage ditch through lands described therein. Such proceedings were thereafter had by and before the board, whether regular ·or irregular is not here important, that on March 7, 1904, an order was duly entered by the board granting the prayer of the petition, confirming the report of the viewers, and establishing and directing the construction of the ditch. The ditch was thereafter constructed in accordance with the prayer of the petition and the order of the board, assessment of damages and benefits made and approved, and a statement and report thereof filed with the county auditor in compliance with the drainage statute. Howard P. Bell was one of the petitioners for the ditch, and certain land owned by him and affected thereby was assessed for benefits to accrue from

its construction. An instalment of the assessment so made against the Bell land, falling due in 1907, was not paid, and the same was by the county auditor entered upon the delinquent tax list for the year 1909. Prior to this time Bell died, and appellants herein, C. A. Lindberg and L. W. Lindblom, were appointed and subsequently duly qualified as executors of his last will and testament.

In proper season the executors duly appeared in the tax proceedings, and interposed an answer therein, setting up the alleged invalidity of the drainage proceedings, that the assessment made therein against the land in question was null and void, and demanding that the same be discharged as a lien against the land. The tax proceedings came before the court at the September, 1909, general term, and the defense so interposed was duly heard. Thereafter, on January 11, 1910, the court made its findings and decision, sustaining the defense, thereby holding that the assessment was invalid, and directing judgment for the general taxes, excluding therefrom the drainage assessment. The findings and decision of the court concluded with the words, "Let judgment be entered accordingly." Upon the same paper, and at the end thereof, the clerk of the district court entered the words, "Judgment is hereby entered in accordance with the foregoing." No formal judgment was then entered in the regular judgment book, or in accordance with the statutes on the subject of tax judgments; and unless the entry above quoted amounted to a judgment as a matter of law, none was ever entered pursuant to the order of the court until the 13th day of April, 1912, when it was entered by the clerk in proper form.

On April 15, 1912, the state, through the county attorney, applied for and obtained from the court an order to show cause why the judgment so entered "should not be reopened and the findings therein amended in accordance with the facts and evidence" in the case. The order was duly served upon appellants, and after hearing thereon and due consideration the court made amended findings and conclusions of law, and thereby directed and ordered the entry of judgment for the amount of the ditch assessment. The amended findings were to the effect that the proceedings for the establishment of the ditch were irregular and fatally defective, had objection thereto

been made in proper time and in proper manner; that the ditch petitioned for and ordered constructed was in fact constructed and completed prior to the time of the levy of the assessment complained of; that no objection to the construction of the ditch was ever made by any person, prior to the filing of appellant's answer in the tax proceedings; and that Bell, whom appellants represent as executors, was one of the petitioners for the ditch. The amended conclusions of law were that judgment should be entered for the amount of the assessment. This was the reverse of the conclusion reached on the first trial. The former decision was, however, rendered prior to the decision of this court in State v. Johnson, 111 Minn. 255, 126 N. W. 1074. Judgment was thereafter entered in due form, and the executors appealed.

1. It is well settled by our decisions that the validity of drainage proceedings, commenced and concluded under the drainage statutes, cannot be called in question in a collateral action by any person who was a party to and who took part in the proceedings; that as to such persons the order establishing the ditch is final and conclusive, unless the validity thereof be brought in question by some direct proceeding. State v. Johnson, 111 Minn. 255, 126 N. W. 1074; State v. Tuck, 112 Minn. 493, 128 N. W. 823; Slingerland v. Conn, 113 Minn. 214, 129 N. W. 376, and cases there cited. It is also settled law in this state that a person who stands by and permits the improvement of his land by the construction of such a ditch, raising no objection to the regularity or sufficiency of the proceedings, and knowing that the cost of construction must be paid by assessment against benefited lands, cannot be heard subsequently to call in question the validity of the proceedings by means of which his property received the benefit of drainage. Geib v. County of Morrison, 119 Minn. 261, 138 N. W. 24.

In the case at bar the precise grounds, or the particular defects, made the basis of the amended findings, to the effect that the drainage proceedings were fatally defective had seasonable objection been made, are not disclosed by the findings, and there was no request for additional findings upon the question. We assume, therefore, since the statutes confer upon the board of county commissioners

jurisdiction of the subject-matter, that the proceedings were held defective by reason of the failure to follow the requirements of the statutes in some substantial respect. And we assume, also, that the defects, whatever they may have been, were of a character which, as to Bell, a petitioner for the ditch, should have been called in question in those proceedings. Upon that basis the court was clearly right in holding that the defects were not available to the executors of Bell in the tax proceedings. That view is supported by the decisions referred to, and the findings clearly bring the case within the rule. Bell was a petitioner for the ditch, and it was constructed for the purpose of improving lands affected thereby, including those owned by him. He therefore is in no position to attack, in this collateral way, the validity of the drainage proceedings.

The reasons for the rule so applied are obvious. It would result in a palpable wrong to permit those who are parties to and interested in such proceedings, particularly the petitioners, who have charge and control of the proceedings, silently to permit them to proceed to completion, including the construction of the ditch, and be heard to complain, when called upon to pay the assessments made against them, that the proceedings were irregular, defective, and void. A rule which would sanction and approve of such a course by those who have control of the proceeding might encourage a failure of compliance with the statute in some respects essential to the jurisdiction of the board, for thereby those benefited by the final construction of the ditch could escape payment of the expense of improving their property, and cast it as a general county charge upon taxpayers who received no benefit at all.

2. It is further contended that a judgment was entered by the clerk, pursuant to the first decision of the court, holding that the assessment was invalid, and that, since the time for appeal therefrom had long since expired when the application for the amended findings was made, the judgment was final, and the court below was without jurisdiction to entertain the application, or to reopen the case for the purpose of making additional or amended findings. We do not sustain this contention.

The claim that a judgment was entered pursuant to the first de-

cision is founded upon the entry made by the clerk at the end of the findings in the language heretofore referred to, namely:

"Judgment is hereby entered in accordance with the foregoing.
"January 13, 1910.

"S. P. BRICK,
"Clerk of District Court."

Some doubt seems to have been entertained as to the sufficiency of this entry to constitute a final judgment of the court, and on April 13, 1912, a more formal judgment was entered.

The question presented is whether the informal entry of the clerk, having remained undisturbed for more than a year, finally ended the case and precluded the court from thereafter making additional findings and ordering the entry of another judgment at variance with the first decision. We need not consider the question whether such an entry in an ordinary action at law would or would not amount to a judgment, which would become at the expiration of the time for appeal final and free from attack; for the sufficiency of this entry as a judgment must be determined from the viewpoint of the statutory requirements controlling the proceeding in which the decision of the court was made, namely, the statutes providing for the collection of delinquent taxes.

It has always been the rule in this and other states that such statutes must be strictly complied with, and any substantial, and often unsubstantial, departure therefrom invalidates the whole proceeding. Section 916 et seq., R. L. 1905, prescribes a form for judgments in such proceedings, and no claim can be made that the informal entry of the clerk was a substantial or other compliance with the requirements thereof. If the officers charged with the duties pertaining to the enforcement of delinquent real property taxes had proceeded upon the theory that this entry by the clerk constituted a valid judgment, and had caused the property of Bell to be sold in the tax proceedings, it is clear that the title acquired thereunder would have been wholly invalid, because of the fact that no proper judgment had ever been entered. Stanton v. Davidson, 109 Minn.

510, 124 N. W. 244. It is also clear that the entry in question cannot be held valid as a judgment for one purpose and invalid for another and different purpose. The statutes referred to apply to all tax judgments, whether entered upon default of the landowner to appear and answer, or after trial and determination of defenses interposed. We therefore hold that the entry of the clerk did not amount to a judgment, and that the trial court was entirely right in entertaining the application for amended findings.

3. The further points made by appellants do not require extended discussion. The trial court had authority to make the additional findings, though they were not expressly asked for in the motion attached to the order to show cause. The matter came before the court on the order to show cause, and fully vested in the court the power to make such additional findings as the record before it and the law of the case justified. The amended findings are supported by the record. The error in the description of the ditch was an obvious mistake, and it sufficiently appears that the ditch was in fact constructed at the point desired by the petitioners.

4. It further appears that, subsequent to the first decision of the court below in the tax proceedings, the executors brought an action in the district court to set aside all instalments of the assessment against the Bell land not involved in that proceeding, in which action the county attorney appeared and interposed an answer. An admission of the validity of the clerk's entry as a judgment may be found in the answer, and by the conduct of the county attorney in that action. But such an admission, whether express or implied, was not binding upon the state, or the county, the agency of the state through which the drainage project was conducted, and no estoppel arises therefrom. 1 Dunnell, Minn. Dig. § 3211. The alleged admission of the county attorney is not, however, clearly shown; but we predicate our decision on the rule that public officers cannot bind the state by acts which, as to individuals, might constitute an estoppel. State v. Foster, 104 Minn. 408, 116 N. W. 826; Board of County Commissioners v. Dickey, 86 Minn. 331, 90 N. W. 775.

This covers all questions requiring special mention. We discover no reversible error in the record.

Judgment affirmed.