IN THE MATTER OF JUDICIAL DITCH NO. 4, LAC QUI PARLE COUNTY.

ERICK HUSEBY AND OTHERS v. G. E. QVALE, AS JUDGE.[1]

September 21, 1923.

No. 23,523.

**Application of rule that ex parte order is not appealable.**
    The rule that an ex parte order is not appealable when made in a judicial proceeding is applicable to an order made in a drainage proceeding sought to be reviewed by certiorari.  For the purpose of such review, a drainage proceeding is to be regarded as a judicial proceeding.

Upon the relation of Erick Huseby and P. P. Smaagard the supreme court granted its writ of certiorari directed to the district court for Lac qui Parle county and the Honorable G. E. Qvale, judge thereof, to review an order establishing Judicial Ditch No. 4 and confirming the viewers' report and assessment·of benefits.    Writ discharged.

*Moore, Oppenheimer, Peterson & Dickson,* for petitioners.

*A. W. Ewing,* for respondents.

[1]Reported in 194 N. W. 1023.

PER CURIAM.

Certiorari to review an order of the district court of Lac Qui Parle county modifying an order establishing a judicial ditch and confirming the viewers' report and assessment of benefits. Respondent moved for a dismissal of the writ. The motion was denied, but without prejudice to a renewal when the final hearing was had. The purpose of the writ was to obtain a review of an order made by the court upon its own motion, without notice to the parties to the drainage proceeding and without a hearing, and it appears that no application for the vacation of the order has been made in the court below.

This court has frequently held that as a general rule no appeal lies from an ex parte order. 1 Dunnell, Minn. Dig. § 303. The reasons for the rule are stated in McNamara v. Minnesota C. Ry. Co. 12 Minn. 269 (388) and in State ex rel. Norris v. District Court, 52 Minn. 283, 53 N. W. 1157. Strictly speaking this was not an ex parte order, for it was not made on the application of one party and in the absence of the other. But the order was entered without hearing the parties, and in making it the court was not aided by a presentation of the reasons which support or controvert its authority to make it, or go to the propriety of making it. If a court acts erroneously or inconsiderately, it is to be supposed that it will perceive and correct the error when it is pointed out and it is asked to undo that which was done without full consideration. The reasons which have led this court to refuse to entertain an appeal from an ex parte order apply equally to an order made by the court on its own motion.

The writ of certiorari takes the place of an appeal in drainage proceedings where no right of appeal is given by statute. 1 Dunnell, Minn. Dig. § 2838. It is virtually a substitute for an appeal, and there is no reason why the rule applicable to a review of an ex parte order on appeal should not be extended to a review of such an order when it is sought to obtain it by a writ of certiorari.

The writ must be discharged, but, if so advised, the petitioners may apply to the court below for the vacation of the order of which they complain.

Writ discharged.