# IN RE JUDICIAL DITCH NO. 4.
## ERICK HUSEBY AND ANOTHER v. A. E. SCHACHERER AND OTHERS.[1]

October 24, 1924.

No. 24,168.

**Judicial ditch proceeding one in rem.**

1. Establishing a judicial ditch is a proceeding in rem, and where the steps for establishing it have been properly taken, the court has jurisdiction of all the property affected and such jurisdiction remains unaffected by subsequent transfers.

**Service of order to show cause sufficient, when.**

2. Service of an order to show cause is sufficient where it is made as directed by the court and in the manner provided by statute for acquiring jurisdiction of the original proceeding.

**Who may move to set aside void order.**

3. Parties whose assessments would be increased by the operation of a void order may move to have it set aside.

**Exclusive way of reviewing order confirming assessments.**

4. The order confirming the assessments for the construction of a judicial ditch can be reviewed only by demanding a jury trial as provided by statute.

**Court cannot extend statutory time for demanding jury trial.**

5. The time fixed by statute for demanding such trial cannot be extended by the court.

**After expiration of statutory time, court cannot modify order of confirmation.**

6. Where such assessments have been duly confirmed and no jury trial has been demanded, the assessments become final and conclusive at the expiration of the statutory time for demanding such trials, and cannot be modified by the court thereafter.

[1]Reported in 200 N. W. 471.

**Void order not protected from attack by statute.**

7.  Section 5576, G. S. 1913, does not place a void order modifying assessments beyond attack by those whose assessments would be increased if it were to be given effect.

After the proceedings in the district court for Lac qui Parle county in reference to the assessments levied for the construction of Judicial Ditch No. 4, in that county, which are related in the first three paragraphs of the opinion, Erick Huseby and another landowner obtained an order for all parties interested to show cause why their motion that the order of April 8, 1922, made by Daly, J., and mentioned in the second paragraph of the opinion, should not be held for naught, and the order of April 30, 1921, establishing the ditch and confirming the assessments, should not be reinstated. The application was heard by Qvale, J., who denied the motion. From the order denying the motion, Erick Huseby and others appealed. Reversed.

*Oppenheimer, Peterson, Dickson & Hodgson, O. A. Lende* and *Bert O. Loe,* for appellants.

*Ewing & Acton,* for respondents.

TAYLOR, C.

On April 30, 1921, the district court of the county of Lac qui Parle duly established Judicial Ditch No. 4 of that county, and approved and confirmed the report of the viewers appointed to assess and determine the benefits and damages to the several tracts of land which would be affected by the construction of the ditch. A number of landowners, who will be designated as appellants hereafter, severally demanded jury trials to determine the amount of benefits and damages to their lands. These cases were tried in the following December, January and February, and resulted in reducing the amount of benefits assessed against these lands approximately 35 per centum below the amounts reported by the viewers. At these trials it appeared that the viewers had made their assessment of benefits and damages in October, 1920, and in determining the value of drained lands had adopted the inflated value which

prevailed during the "land boom" existing at the time, and that the true value of such lands was much less than the value placed upon them by the viewers. It also appeared that the assessment made by the viewers was on the same basis throughout and was fairly and equitably apportioned as between the several landowners; that the abnormally high valuation adopted by them affected all the assessments in the same proportion, and that the reduction made by the juries was made by taking the true value of the lands as a basis in determining the benefits and damages to those tracts involved in the cases submitted to them. A large majority of the landowners assessed for benefits failed to demand jury trials. These landowners will be designated as respondents hereafter.

The reductions made by the juries resulted in placing upon the lands of the respondents more than their proportionate share of the cost of the ditch. In an attempt to remedy this inequality in part, the court, of its own motion, made an order on April 8, 1922, modifying and amending the order confirming the viewers' report by reducing the assessment of benefits to the lands of the respondents in a sum equal to 20 per centum of the original assessments made by the viewers. After making these reductions, the amount of benefits to the lands of both the appellants and the respondents still exceeded the amounts charged against such lands for the construction of the ditch.

Certain of the appellants sought to review the order of April 8, 1922, under a writ of certiorari. This court discharged the writ, for the reason that no application to vacate the order had been made to the court making it, but stated that the petitioners might apply to that court to have the order vacated, if so advised. In re Judicial Ditch No. 4 Lac qui Parle County, 156 Minn. 401, 194 N. W. 1023. On application of the appellants made thereafter, the trial court issued an order to show cause why the order of April 8, 1922, should not be vacated, and directed that notice of the hearing thereon be given to all parties in interest in the manner provided in section 5531, G. S. 1913, for giving notice of the hearing upon the report of the engineer and viewers. Respondents concede that the order to show cause and the notice of the motion

were served as directed, but insist that such service was not sufficient to give the court jurisdiction to determine the motion, particularly as against those persons (of whom there are several), who purchased lands or acquired mortgages thereon subsequent to the order of April 8, 1922.

The proceeding to establish the ditch was a proceeding in rem, and, all the steps for instituting it having been properly taken, the court had jurisdiction of all the property and property rights affected by it. G. S. 1913, § 5531; Morey v. City of Duluth, 75 Minn. 221, 77 N. W. 829; Lupkes v. Town of Clifton, 157 Minn. 493, 196 N. W. 666. The proceeding being one in rem, the jurisdiction of the court was unaffected by any transfers of property or interests therein which may have been made. Furthermore, the service having been made as ordered by the court and in the same manner provided by statute for acquiring jurisdiction to render the original judgment, it was sufficient for all purposes of the motion.

The respondents also insisted that the appellants were not aggrieved by the order in question and therefore were not in position to attack it. They cite In re Judicial Ditch No. 7, 142 Minn. 178, 171 N. W. 564, as supporting this claim. In that case a landowner demanded a jury trial. Thereafter, on motion of the petitioners, the court amended the viewers' report assessing benefits, by eliminating therefrom a part of the demandant's land, Thereafter the benefits to the remainder of the land were assessed by a jury. The court merely stated that if it was error to so amend the viewers' report, the error was without prejudice to the demandant. The effect of the order now in question was to increase the burden imposed upon the lands of the appellants; and, if it was not merely irregular but void for lack of power to make it, they could properly apply to the court to have it vacated.

It is conceded that the proceedings establishing the ditch and confirming the assessments made by the viewers were regular and complied with the statute in all respects. The statute gives a landowner, dissatisfied with the benefits assessed or damages awarded, the right to demand a jury trial in the district court. The

demand must be made within 20 days after the filing of the order confirming the report of the viewers.    G. S. 1913, § 5534.

The appellants demanded jury trials, the respondents did not. The appellants contend that the statutory provision for correcting assessments is exclusive, and that the respondents, not having pursued the remedy given by the statute, the assessments against their lands became final and conclusive at the expiration of the statutory time for demanding jury trials and could not be modified or changed by the court thereafter.    The majority of the court are of the opinion that this contention is correct and must be sustained.

There was no judicial error or mistake in the order confirming the assessments.    None is claimed.    It was a final order properly expressing the judicial determination of the court and was warranted by the facts then before the court.    If a landowner deemed his assessments excessive, the statute gave him the right to have the amount determined by a jury.    The statute gives no other remedy for an excessive assessment and contemplates none.    It evidently intended this as the exclusive remedy.    The time for invoking this remedy is fixed by the statute and cannot be extended by the court.    In re Judicial Ditch No. 52, 131 Minn. 372, 155 N. W. 626.    Also see Gallagher v. Irish-American Bank, 79 Minn. 226, 81 N. W. 1057; Connelly v. Carnegie Dock and Fuel Co. 148 Minn. 333, 181 N. W. 857.    As the court cannot give a landowner, complaining of an excessive assessment, the benefit of the statutory remedy after the expiration of the prescribed time, it cannot, by its own order, reduce such an assessment after it has become final and thereby, in effect, relieve the landowner from the consequences of his failure to pursue the statutory remedy.    To relieve a landowner in such a manner would be much like accomplishing by indirection what the court could not accomplish directly.

The following cases, although not directly in point, are helpful in showing the conclusions reached by the court on questions in some degree similar to those here presented.    State ex rel. v. District Court of Hennepin County, 33 Minn. 235, 22 N. W. 625; State v. Norton, 63 Minn. 497, 65 N. W. 935; State v. Atwood Lumber Co. 96 Minn. 392, 105 N. W. 276; Jacobson v. County of Lac qui Parle, 119

Minn. 14, 137 N. W. 419; Everington v. Board of Park Commrs. 119 Minn. 334, 138 N. W. 426; A. A. White Townsite Co. v. City of Moorhead, 120 Minn. 1, 138 N. W. 939; Webb v. Lucas, 125 Minn. 403, 147 N. W. 273; Garrett v. Skorstad, 143 Minn. 256, 173 N. W. 406; Lupkes v. Town of Clifton, 157 Minn. 493, 196 N. W. 666.

Section 5576, G. S. 1913, providing that no advantage can be taken of an error in the proceeding unless by a party directly affected, and that the modification of an assessment shall not affect the rights of other persons, cannot be construed as giving validity to an order reducing those assessments which had become binding and final under the provisions of the statute and which the court no longer had power to change, nor as taking from the landowners whose assessments would be increased if such reductions were made, the right to assert the invalidity of such an order. This section has a different purpose. If the assessment of a particular tract is set aside as invalid or void, as it may be, other landowners not directly affected may not complain. If a tract rightly should bear an assessment, and that made is invalid, it may be reassessed. If the assessment of a particular tract is reduced by a jury demanded as provided by the statute, the owner of another tract cannot object. The statute intends that a property owner shall not have his assessment reduced or set aside because other property owners have demanded a jury trial and thereby have secured a reduction of theirs.

The appellants claimed that their assessments were excessive and demanded jury trials. They incurred the expense and bore the burden of such trials and secured relief. The respondents, with the same opportunity to know the facts, either were satisfied with their assessments as confirmed or did not care to assume the burden of reviewing them in the only way provided by the statute, and therefore permitted them to become final. Assuming that, if the respondents had taken jury trials, their assessments would have been reduced in the same proportion as those of the appellants, it is unfortunate for them that they did not do so. But the fact that they did not interpose a defense which they had affords no legal reason for depriving those who did interpose such defense of the advantage which they gained by successfully maintaining it.

The conclusion reached by the majority of the court that the assessments as confirmed became final unless reviewed in the manner provided by the statute renders it unnecessary to determine whether making the order of April 8, 1922, without notice or hearing, was merely an irregularity which could be cured by a full hearing of all parties upon the motion to set it aside. The order appealed from must be and is reversed.

QUINN, J. (dissenting.)
I dissent.