IN RE DELINQUENT TAXES FOR 1921, AITKIN COUNTY.
STATE v. L. C. FRITCH AND OTHERS.[1]

July 13, 1928.

Nos. 26,780, 26,781, 26,782, 26,803, 26,804.

Only statutory defenses allowable against assessments for construction of ditches.

1. In proceedings to enforce the payment of taxes delinquent upon real estate, only the defenses specified in the statute can be interposed against assessments for the construction of ditches.

Defenses enumerated not allowable under general tax law after confirmation of assessments.

2. Claims that the construction of roads, bridges and culverts was improperly included in the drainage project; that unauthorized changes and extensions were made in the ditch; that benefited lands were not assessed; that contracts were let without advertising for bids; and that the work was not performed as required by the contract, must be asserted in the drainage proceedings. Such claims cannot be interposed as a defense to proceedings under the general tax laws to collect assessments made and confirmed in the drainage proceeding.

Drains, 19 C. J. p. 755 n. 84.

See note in 9 A. L. R. 634; 25 R. C. L. 180; 3 R. C. L. Supp. 1490.

Five actions in the district court for Aitkin county, tried together, to enforce payment of taxes on real estate. There were findings, Stanton, J. that each of the several parcels of land was liable for the taxes extended against it. From the judgment, Torrance, J. entered pursuant thereto, defendants L. C. Fritch and Carl Nyquist as trustees for the Chicago, Rock Island & Pacific Railway Company, L. B. Arnold, Aitkin Farm Company, Edgar D. Risser, and William Dale separately appealed. Affirmed.

*F. H. DeGroat* and *O'Brien, Horn & Stringer,* for appellants.

*F. W. Allin,* County Attorney, and *Arthur A. Stewart,* for respondent.

[1] Reported in 220 N. W. 608.

TAYLOR, C.

In the proceedings to enforce payment of taxes on real estate in the county of Aitkin levied for the year 1921 and delinquent in 1923, answers identical in form were interposed by each of the above named five defendants. The taxes included an instalment of the assessment for the construction of county ditch No. 20 of Aitkin county and the accrued interest upon the deferred instalments. The answers set forth various objections to the assessment for the construction of the ditch, but admitted the validity of the remainder of the tax and tendered payment thereof. The issues were the same in all the cases and they were tried together. The court made extended findings of fact and conclusions of law, and thereafter judgment was entered adjudging that each of the several parcels of land was liable for the amount of taxes extended against it, and declaring the same a lien thereon and directing that unless the tax be paid the land be sold as provided by law to satisfy the same. The defendants took separate appeals from the judgment, but submitted all of them upon a single record and a single brief.

The statute, G. S. 1923, § 2120, provides that the delinquent list filed with the clerk shall be prima facie evidence that:

"All provisions of law in relation to assessment and levy of taxes have been complied with,"

and then provides:

"No omission of any of the things by law provided in relation to such assessment and levy, or of anything required by any officer to be done prior to the filing of the list with the clerk, shall be a defense or objection to the taxes appearing upon any parcel of land, unless it be also made to appear to the court that such omission has resulted to the prejudice of the party objecting, and that the taxes thereon have been partially, unfairly, or unequally assessed, or that such parcel has been assessed and taxed at a valuation greater than its real and actual value, in which case, but no other, the court may reduce the amount of taxes thereon, and give judgment accordingly. It shall always be a defense, when made to appear by answer and

proofs, that the taxes have been paid, or that the property was not subject to taxation."

This statute applies to all taxes in the delinquent list, including assessments for the construction of ditches; and the defenses which may be interposed to such assessments are confined to those specified in the statute. Even if the proceedings to establish the ditch are so insufficient that the objection, if raised at a proper time and in a proper proceeding, would have barred its construction, that fact is not available as a defense in proceedings to collect the assessment. State v. Johnson, 111 Minn. 255, 126 N. W. 1074. The fact that the engineer, without authority, changed the starting point of the ditch to a point one and one-half miles from that specified in the order establishing the ditch is not within the allowable defenses. State v. Tuck, 112 Minn. 493, 128 N. W. 823.

"All objections to the validity of drainage proceedings must, as to parties to the proceedings, be determined therein, in default of which the order laying the ditch becomes final and free from collateral attack." Slingerland v. Conn, 113 Minn. 214, 216, 129 N. W. 376.

The claim that the ditch is insufficient, fails to carry off the water, and is of no benefit to the land must be raised in prior proceedings. The confirmation of the assessment is conclusive as to those questions under the above statute. Jacobson v. County of Lac qui Parle, 119 Minn. 14, 137 N. W. 419. The validity of drainage proceedings commenced under the drainage statutes cannot be called in question in an action to obtain judgment for the assessment. State v. Lindberg, 120 Minn. 147, 139 N. W. 286. The provisions in the drainage statutes for correcting assessments are exclusive; and where the assessments have been confirmed and no demand for a jury trial has been made and the time therefor has expired, the assessments become final and conclusive. Huseby v. Schacherer, 160 Minn. 387, 200 N. W. 471. The landowner is given ample opportunity in the drainage proceedings to raise all questions affecting his rights, and he must pursue the remedy provided therein. If he fails to do so he is not in position to question the

amount of his assessment in the proceeding under the tax law to obtain judgment therefor. State v. Holmes, 162 Minn. 173, 202 N. W. 440. Numerous cases to the same effect in other jurisdictions are cited in annotation in 9 A. L. R. 662. Also see Lukes v. Town of Clifton, 157 Minn. 493, 196 N. W. 666.

The drainage project here involved included the construction of about 100 miles of main ditches and laterals; the construction of 35 bridges across the ditches; the placing and leveling of the earth excavated from the ditches so as to form about 70 miles of road; and the furnishing and installing of a large number of metal culverts in this roadway. The ditch was regularly and lawfully established in 1914; the assessments were regularly and lawfully made and confirmed; and the list and statement of assessments was duly made and filed. The improvement was constructed, and the county provided the money and paid for it. No objection was made until the defendants interposed their answers herein.

The objections now urged are in brief that the project included constructing along the ditch, out of the material excavated therefrom, nearly 70 miles of road where no highway had been legally established, and included the construction of bridges and culverts as a part of such road; that the engineer, although providing for the construction of such roads, bridges and culverts in his report, made no finding that they were necessary for the construction of the ditch; that the engineer made a change in the ditch, as established, by removing a so-called "bulkhead," originally intended to prevent the water from one branch flowing into another, and by extending the outlet of the other five miles to take care of the additional water; that the additional lands benefited by such extension were not assessed; that contracts for the construction of bridges and culverts were let without advertising for bids; that no notice was given to landowners of the presentation of the engineer's final estimate before approving it; and that the contractors failed to perform their contracts in substantial respects, in that they failed to dig the ditch to the required depth, failed to make the road passable, failed to sink the culverts sufficiently to carry off the water, and failed to construct approaches to the bridges.

The place to raise such objections and to seek the remedy for any violation of the statutory or contract requirements was in the drainage proceeding itself. Defendants were parties to that proceeding, and the objections which they now urge are all in respect to matters determinable therein. As shown by the cases cited above, none of these objections are available as a defense to the tax in the present proceeding. Defendants having permitted the work to be done without objection, the assessment to be made and confirmed, and the time for questioning it to expire, it has become final and they are concluded thereby. We agree with the conclusion reached by the learned trial court, and the judgment is affirmed as to each defendant.