## STATE v. MABEL OLDRE.[1]

March 21, 1930.

No. 27,797.

*C. E. Purdy* and *Oscar G. Haugland,* for appellant.

*Floyd B. Olson,* County Attorney, and *Frank J. Williams,* Assistant County Attorney, for the state.

HILTON, J.

Defendant appeals from an order denying her motion for a new trial.

[1]Reported in 229 N. W. 878.

This is an action to recover delinquent real estate taxes for the year 1926. For many years prior to April 15, 1925, Thea Oldre, the mother of defendant, was the owner of 40 acres of land in Hennepin county. On that day she sold and conveyed it to defendant, who has ever since been the record owner thereof. General taxes were regularly levied and assessed against the land for 1926. Interest items on ditch bonds in connection with the construction of county ditch No. 38 and judicial ditch No. 2 were also assessed against the property. The amount of the general taxes and special assessments with accrued penalty amounted to $376.59, of which $68.55 was for interest on the county ditch bonds.

No objection was made to the general taxes or to the assessment on account of judicial ditch No. 2. A tender of payment of these two items was made and refused.

The court found that due notice of the various hearings and proceedings for the construction of the county ditch were given by the county auditor to all the various persons whose lands were affected by said county ditch proceedings in the manner and time required by statute; that the proceedings of the two ditches were carried on simultaneously and together provided one complete drainage for the land involved. Judgment was ordered against defendant's land for the taxes and assessments referred to; the same was made a lien on the land and a sale thereof was ordered as provided by law. The court also found that both Thea Oldre and defendant, while the ditches were in progress of construction, had actual notice thereof and made no objection or exception thereto. There was evidence supporting this finding, and it is probably correct. However we do not base our decision thereon. Defendant attacks all of these findings.

While Thea Oldre was the owner of the land (defendant acting as her agent) she made an optional arrangement with one A. A. Arvold; it was likely a contract for deed (anyway it created an equitable ownership in Arvold). He entered into possession of the land and so remained during the time of the ditch proceedings. He made a down payment of $100 on the contract and other payments

from time to time aggregating $275 more but did not fully comply with the terms of the contract. No attempt was made to cancel the contract or evict him from the premises. Numerous attempts were made to collect other payments from him.

In the petitions for the establishment of the ditches Arvold was named as owner of the land. He signed the petition as such. He attended the hearings and was active in all matters pertaining to the proceedings. His name appeared as owner of the land in both the engineer's report and the viewers' report. All notices required by law were given to him. No question is made by defendant as to the regularity and lawfulness of everything done except as to the failure to mail the notices (hereinafter referred to) to her mother or to herself. The ditch proceedings were started during the fee ownership of the former and completed while defendant was such owner. The names of the Oldres at the respective times of their ownership appeared on the grand list of taxable property in Hennepin county. There is no law making such grand list presumptive evidence of ownership, and as hereinafter to be noted no law requiring the county auditor to mail notices to persons listed in such list as owners.

The pertinent law governing the ditch proceedings here involved is now found in G. S. 1923, §§ 6678, 6681, 6684. The engineer [§ 6678] is required to make a preliminary report, in which shall appear "the names of the owners of the property * * * affected." The county auditor is required to mail a notice of hearing on such engineer's report to the owners of the several tracts of land affected by the proceedings "as shown in the engineer's report" (this report named A. A. Arvold as owner of the property here in question). The next notice provided for [§ 6684] is of a hearing on the engineer's final report and the viewers' report. These are to be given by the county auditor by publishing for three successive weeks prior to the date of the hearing in a newspaper published in the county and by posting at least three weeks before such meeting printed copies thereof in three public places in each township where the proposed work is located and one at the door

of the court house in said county. Such notices shall contain a description of the several tracts of land affected as the same appear in the report of the engineer and the names of the owners as the same appear in the report of the viewers. It is also provided that within one week after beginning such publication the county auditor shall mail a printed copy of said notice to each person whose land is affected by said proceedings "as shown by the said viewers' report, whose address is known to such county auditor * * *' or can be ascertained *· * * by inquiry at the county treasurer's office of the county wherein such land is situated."

The county auditor made no inquiry at the county treasurer's office but mailed the notices to Arvold, he appearing on the engineer's report as the owner of the land. He mailed no notices to either of the Oldres. It will be noted that the statute does not require the county auditor to inquire at the county treasurer's office for the names of the owners of land affected but only as to the addresses of such owners.

G. S. 1923, § 6684, among other things further provides:

"Upon due publication, posting and mailing of the notice provided for in this section, the county board * * * shall have jurisdiction of each tract of land * * * in said viewers' report described, * * * and of each tract of land owned by any of the persons or private corporations whose names appear in said notice, that is affected by the proposed ditch * * * and of all persons * * * that are named in said notice, and of all persons * * * having or owning any interest whatever in, or any mortgage lien or incumbrance against any of the tracts of land or other property heretofore in this paragraph referred to."

G. S. 1923, § 6681, requires the viewers to "prepare a tabular statement showing, as far as practicable, the names of the owners of each tract of land to be benefited or damaged."

A ditch proceeding is one in rem and in invitum; it is purely statutory. Its provisions must be strictly complied with. The statute does not require personal service of notice on the owners.

It is complied with if a copy of the published notice is mailed to the owner whose name is shown in the engineer's report in the first instance and as shown by the viewers' report "whose address is known to such county auditor * * * or can be ascertained * * * by inquiry at the county treasurer's office," in the second instance [§ 6684]. Personal notice is not necessary in a ditch proceeding such as this; constructive notice given by a compliance with the statutory provisions is sufficient. The statute in this case was complied with, the county board obtained jurisdiction, and the ditch assessment was properly levied.

In Conoryea v. Commrs. of McLeod County, 161 Minn. 193, 201 N. W. 413, a wrong address of the landowner was obtained by the county auditor from the county treasurer. The notice was mailed by the auditor to that address. It was held that the statute had been complied with and due notice had been given. Also see Dousman v. City of St. Paul, 23 Minn. 394; Slingerland v. Conn, 113 Minn. 214, 129 N. W. 376; State v. Lindberg, 120 Minn. 147, 139 N. W. 286; Everington v. Bd. of Park Commrs. 119 Minn. 334, 138 N. W. 426; Lupkes v. Town of Clifton, 157 Minn. 493, 196 N. W. 666; State v. Radke, 161 Minn. 416, 201 N. W. 613; State v. Holmes, 162 Minn. 173, 202 N. W. 440; State v. Fritch, 175 Minn. 206, 220 N. W. 608.

Having reached the conclusion that the county board had obtained jurisdiction, many of the cases relied upon by defendant are not applicable.

Affirmed.