JOHN D. PHŒNIX, et al.,

*vs.*

JONATHAN R. GARDNER, et al.

Where the right of an appellant depends upon an order of the Court below as to the terms of which the parties are not agreed, it is incumbent on him to produce the order in the record.

An order to show cause why a proposed case should not be settled, although made before the expiration of the time allowed by statute to propose amendments to the case, does not deprive the party upon whom the case is served, of the right to propose such amendments.

The time to be fixed for hearing a motion under an order to show cause is within the reasonable discretion of the judge.

Where, on an appeal from an order granting a new trial, the return contained an order to show cause why a proposed case should not be allowed, settled and signed by the judge, but did not show that such order had ever been disposed of, or the case examined, allowed, or signed by the judge, nor the new trial granted upon the case, as contained in the paper book, and the objection was urged by the appellant, the Court remanded the cause with leave to respondent to apply to the Court below to correct the record, in accordance with the facts, or procure an amendment of the return, &c., as they shall be advised.

This action was commenced in the District Court for Nicollet County, and is brought here by appeal taken by the defendant from an order of that Court granting a new trial. A question of practice only is involved in the decision, and the case is fully stated in the opinion of the Court. A further hearing upon the merits was had at the next term.

E. ST. JULIEN COX for Appellants.

CHARLES S. BRYANT for Respondents.

*By the Court*—MCMILLAN, J.—This is an action in equity, brought to obtain a decree that a written instrument, in form a warranty deed, be declared a mortgage, and for the foreclosure thereof as such mortgage. The cause was tried by a jury in the Court below, and resulted in a verdict for the defendants, whereupon the plaintiffs interposed a motion for a new trial, which was granted; from which order an appeal was taken by the defendants to this Court. The motion for a new trial was based upon a case made.

We gather from the affidavits of counsel in the Court below, contained in the paper book, that on the 10th of May, 1867, an order extending the time to make and serve a case to thirty days, was granted to the plaintiffs, embracing a condition requiring of the plaintiffs security for costs; but whether as a condition precedent to serving a case, or to moving for a new trial, does not appear; and upon this branch of the order the

parties are at variance; the defendants claiming that the security for costs was a condition precedent to any further proceeding, and the plaintiffs that it applied only to the motion for a new trial.

The only reference to the order which we find in the record is under minutes of the trial in the following language: "May 10th, 1867—On motion of C. S. Bryant, thirty days were allowed by this Court to make and prepare the motion for a new trial in the case of Phœnix, et al., v. Gardner, et al." Subsequently, on the 3d of June, the plaintiffs' attorney served upon the attorney for defendants a proposed case, which on the same day was returned by the latter, endorsed, "respectfully returned. (1) Security for costs not having been filed as required by the order. (2) Unaccompanied by any notice of settlement."

Upon the 6th of June plaintiffs' attorney obtained an order upon the defendants to show cause before the judge on the 12th of June, why the case made for a new trial should not be allowed, and settled, and signed by the judge, and why the motion for a new trial should not be heard, and a new trial granted for the reasons stated in said case. This order, it appears, was served on the 6th of June, on defendants' attorneys, and returned by them for the following reasons: (1) Order for hearing is after the expiration of the time limited by Court. (2) Time for settlement of case has not yet expired.

At the return day of the order the defendants' attorney did not appear, and a new trial was granted for reasons given in the opinion of his Honor, the Judge of the Court below. The record discovers no order allowing or settling the case, nor is the case signed by the judge.

The defendants object that the motion for a new trial should not have been entertained by the Court below.

Phœnix et al., v. Gardner et al.

1.  Because the plaintiffs having failed to comply with the order as to the security for costs, the service of the proposed case on the 3d of June was a nullity, and a re-service was required.

2.  The defendants had five days from the 3d of June to serve their amendments to the proposed case, and the motion for a new trial, until the case is settled by the judge, is a nullity.

3.  The judge had no right to extend time for settlement of case and hearing motion beyond 30 days, without an application properly made upon notice.

4.  The case was never examined, allowed and signed by the judge.

The right of the defendants to return the case served on the 3d of June depends upon the terms of the order of the 10th of May; under these circumstances, as they bring the case here, it was incumbent on them to produce the order in the record, that their right might be established, and not having done so they can claim nothing under the order. The fact that the order to show cause was made before the expiration of the time allowed by statute to propose amendments to the case did not deprive the defendants of that right, and since no amendments were proposed, and the order was not returnable until after the time for proposing such amendments, we do not regard it as a fatal error to the proceedings. The time for hearing the motion was within the reasonable discretion of the judge, and there was no error in the order in this case. The fourth objection remains for consideration. The statute expressly requires that the case or bill of exceptions, being examined and found conformable to the truth, shall be allowed and signed by the judge or referee. *Genl. Stat.*, *ch.* 66, *sec.* 237.

It does not in any way appear that the order to show

cause why the case for a new trial, served on the 3d of June, should not be allowed, settled and signed by the judge, was ever disposed of, or that the case was examined, allowed or signed by the judge; nor does it appear that the new trial was granted on the case as proposed and presented in the paper book before us.

This, in the opinion of a majority of the Court, is an irregularity too important to be overlooked, but as it may, perhaps, be readily corrected on application to the Court below, and the case be determined on its merits, we remand the case, with leave to the plaintiffs to apply to Court below to correct the record in accordance with the facts, or to procure an amendment of the return as to the matter indicated, as they shall be advised; in any event the return to be again filed in this Court on or before the first day of the January term, 1869.