## MICHAEL LAMBERT *vs.* TEUNIS S. SLINGERLAND.

## NELS T. LANGEMOE *vs.* TEUNIS S. SLINGERLAND.

### January 23, 1879.

**Action to test Tax Sale—Limitation.**—The time limited for bringing an action to test the validity of tax proceedings under Gen. St. *c.* 11, § 154, began to run from the time of a sale, and not from the time of a forfeiture to the state.

**Same—Effect of Repealing Act.**—Upon the repeal, by Laws 1874, *c.* 1, § 168, of Gen. St. *c.* 11, § 154, before three years had elapsed from the time of a tax sale, the only limitation upon an action to test the validity of the tax proceedings was that afforded by the General Statutes. The limitation in section 154 fell with its repeal.

In each of these actions the complaint was in the usual form under Gen. St. *c.* 75, § 1. In the first case the defendant pleaded that the land in question became forfeited to the state in June, 1870, for non-payment of the taxes

thereon for 1869; and on June 20, 1871, became forfeited to the state for non-payment of the taxes of 1870, and on that day was duly sold to the defendant for non-payment of the taxes of 1869 and 1870; that no redemption was made, and on February 27, 1873, the defendant received a tax deed in due form, etc.; and "that this action was commenced and is prosecuted for the sole purpose of testing the validity of said tax deed, and the same was not commenced within three years after the said forfeiture and sale of said premises."

In the second case, the defendant pleaded that the land involved therein was duly sold to the defendant on June 20, 1869, for the unpaid taxes of 1869, that no redemption was made, and that on February 27, 1873, he received a tax deed in due form, etc., with the same plea of the statute of limitations as in the first case.

A demurrer to the plea of the statute, in each case, was sustained by the district court for Dodge county, *Mitchell, J.,* presiding, (acting for the judge of the 5th district,) and the defendants appealed.

*A. J. Edgerton* and *Start & Gove,* for appellant, in each case.

*Thomas Wilson,* for respondent, in each case.

GILFILLAN, C. J.  These are actions under the statute to determine adverse claims to real estate.  In each, the defendant alleges, in his answer, a sale of the land for taxes, in June, 1871, that the action is brought to test the validity of the tax deed, and was not brought within three years after the sale. The actions were brought in 1877.  Gen. St. *c.* 11, § 154,— the statute relating to taxes and tax sales,—provided that "actions to test the validity of any proceeding under this chapter, or to determine any claim made under or by virtue of any such proceeding, shall be commenced within three years after the sale of the land for non-payment of taxes, and not otherwise."

Laws 1874, *c.* 1, § 168, repealed chapter 11, with the exception, "that all rights heretofore acquired, under any act hereby repealed, shall not be affected hereby."  This section

was repealed by Laws 1875, *c.* 5, § 52. This appeal did not however revive section 154, of chapter 11. See Gen. St. *c.* 4, § 3.

As we have before stated, the sale was made in June, 1871. The law of 1874 was approved March 9, so that when section 154 was repealed by the latter act, three years from the sale had not elapsed, and the right to bring an action to test the validity of the proceedings was not barred. The three years' limitation fell with the passage of the act of 1874, and, after that, there was no limitation of the time to bring the action, except such as was afforded by the general statutes of limitation. The question whether the exception in the act of 1874 saves the right to a bar of the action under section 154 of chapter 11, does not arise; for, though a man may have a right of exemption from suit, where, during the life of a statute of limitation, the cause of action has become barred, no one can claim a right to the continuance of such a statute until the bar shall be perfect. In these cases, a part only of the time limited by the statute had passed before its repeal; the right to bring the actions still existed.

The proposition upon which the cases were argued, that the right of exemption from a suit already barred, under section 154, was one of the rights saved in the exception to the repeal, has no foundation in the facts as presented by the record; and we cannot conceive how it came to be assumed in the briefs that three years had elapsed, under section 154, before its repeal in 1874, unless it was assumed that, there having been, in the Lambert case, a forfeiture to the state, in 1870, (there was no forfeiture in the other case,) the three years began to run from the forfeiture, as from a sale. We think that the time began to run, not from the forfeiture to the state, but from the sale to defendant.

The matter pleaded was no defence, and the demurrers were properly sustained.

Orders affirmed.