MARTHA HEMPSTED and Husband *vs.* W. W. CARGILL and another.

April 27, 1891.

Limitation—Damages from Erection and Maintenance of Dam.—The time limited by Gen. St. 1878, c. 31, § 17, for bringing an action for damages caused by the erection and maintenance of a mill-dam, begins to run not from the erection of the dam, but from the time when the plaintiff sustained damages thereby.

Same—Raising Height of Existing Dam.—The limitation for bringing an action for damages caused by permanently increasing the height of a dam is not affected by the fact that damages had several years before been caused by temporary additions to the dam.

Award in Condemnation Proceedings—Past Damages.—The award in proceedings to obtain the right to maintain a dam, under the provisions of said chapter, cannot include past damages for unlawfully maintaining the dam.

Appeal by defendants from a judgment of the district court for Houston county, where the action was tried by *Farmer*, J., without a jury.

*C. N. Enos*, for appellants.

*Lloyd Barber* and *S. B. McIntire*, for respondents.

GILFILLAN, C. J.[1] The bill of exceptions in this case presents noth-

[1] Mitchell, J., took no part in this decision.

ing for us to consider. We cannot, on the bill of exceptions, consider the objection to evidence, for no ground of objection is stated; nor the sufficiency of the evidence to prove a cause of action, for the evidence is not set forth; nor the application of the statute of limitations, for it does not appear when the plaintiffs might have brought their action. The case must therefore be determined on the findings of the court.

Chapter 31, § 17, Gen. St. 1878, in these words, "No action for damages occasioned by the erection and maintenance of a mill-dam shall be sustained unless such action is brought within two years after the erection of said dam," was construed in *Thornton* v. *Turner,* 11 Minn. 237, (336,) as providing that the time limited begins to run only when the plaintiff has suffered damages so that he may bring an action. Under any other construction, a plaintiff's right to bring an action might, in many cases, be cut off before it accrued so that he could sue. Where one erects a dam on his own land, no one can complain of it until he has suffered damages from it. His right to bring an action accrues only when such damage to him has ensued. The purpose of imposing a limitation different from that in ordinary actions is apparent. Mill-dams are assumed to be of public benefit, and the right to maintain one ought not to remain long in doubt. For that reason, where the right to maintain a dam is brought in question by an action for damages, a short limitation is imposed.

In this case the dam was originally six feet high, but, as the court below finds, no damages to plaintiffs accrued from that, and none are alleged. As we understand the complaint, the damage is claimed to have ensued from additions or alterations. The complaint alleges that after the conveyance to defendants of the land, with the dam as originally constructed on it, and "on the 13th day of May, 1883, and on various days between that time and the 23d day of July, 1889, the defendants Cargill, well knowing the premises, and intending to injure the plaintiffs, wrongfully continued, altered, and raised said dam, whereby large quantities of water, thereby accumulated, were, during all said times, flowed in, upon, and over said homestead farm of the plaintiffs, whereby the crops of cereals, corn, and grass therein

sown, planted, and growing have been annually, since said 13th day of May, 1883, injured and destroyed." The court found these allegations to be true, and also found plaintiffs' damages from the 23d day of July, 1887, to the 16th day of August, 1888, (both dates within the two years prior to the action,) by reason of the premises, and *the raising of said dam one foot and nine inches*, to be $75, for which sum it ordered judgment for plaintiffs. We infer from this finding that from July 23, 1887, to August 16, 1888, the dam was one foot and nine inches higher than it was originally. When that addition was made, whether it existed and caused damage prior to the first of those dates, what was the extent and character of the alterations and additions prior to that date, nowhere appears. The allegations and findings in respect to what was done before that date are all consistent with the proposition made by respondents that such alterations and additions were not of a permanent character, but were only temporary and casual, made at one time and removed at another, so that they did not become part of a permanent structure as a dam, within the meaning of said section 17. The findings are not definite enough to enable us to say that plaintiffs' right of action for damages caused by the addition of the one foot and nine inches to the height of the dam is barred. To limit his right to recover those damages by the time of the accruing of damages from a prior, perhaps merely temporary, alteration or addition, would not be within the spirit of section 17, which is to quiet one's right to maintain a permanent dam as against actions for damages caused by it.

Before the commencement of the action the defendants had taken proceedings under the provisions of said chapter 31 to obtain the right to maintain the dam one foot and nine inches above its original height; the commissioners had made their award, and the plaintiffs had appealed therefrom to the district court. Appellants claim that plaintiffs' remedy for the damages caused by defendants' prior unlawful maintenance of the dam is in those proceedings. The statute does not provide that past damages shall be awarded in those proceedings, but only (section 7) for an "assessment of damages which *will* result to any person by the erection of said mill-dam and

its maintenance forever." Certainly, without a statute authorizing it, past damages could not be included in this assessment, and the award would be no bar to an action for such damages. *Proetz* v. *St. Paul Water Co.*, 17 Minn. 136, (163.)

Judgment affirmed.