STATE v. ALFRED D. FOSTER and Others.[1]

June 12, 1908.

Nos. 15,610—(122).

**Taxes—Statute of Limitations.**

Section 82, c. 2, Laws 1902, repealing the statute of limitations as to the enforcement of taxes, construed. *Held,* that the statute applies to taxes delinquent at the time of its passage, as to which the limitation had not then run, and, further, that the state is not estopped to enforce the collection of the taxes here in question by the fact that, at the time the appellants purchased the land upon which they were assessed, there was an erroneous entry on the list in the auditor's office, to the effect that the taxes had been paid, nor by the fact that the auditor indorsed upon their deed a statement that the taxes were paid.

[1] Reported in 116 N. W. 826.

Proceeding in the district court for Ramsey county to collect $3,-316.60, taxes for the year 1905, remaining delinquent on the first Monday in January, 1907. The defendants filed objections which were heard by Orr, J., who made findings, and ordered judgment in favor of the state. Defendants' motion to amend the conclusions of law was denied. From an order denying a new trial, defendants appealed. Affirmed.

*Tryon & Booth,* for appellants.

*Richard D. O'Brien* and *Patrick J. Ryan,* for the state.

START, C. J.

Proceeding commenced in the district court of the county of Ramsey to enforce payment of taxes on the west ninety feet of the north half of lots 6 and 7, block 12, in St. Paul Proper, remaining delinquent on January 1, 1907. There were included in the delinquent list for that year the taxes against the land for the year 1895, which were duly assessed, levied, and listed, and which in fact have never been paid. But the entry of taxes against the land on the tax list of 1895, in the office of the county auditor, was erroneously marked "Pd. pur. 26-21," and for this reason the land and the taxes for 1895 were never included in any delinquent list filed with the clerk of the court, except that of 1907. While the taxes of 1895 remained so marked "Pd. pur. 26-21," the appellants in good faith bought the land for value, believing that the taxes had been paid, and presented their quitclaim deed therefor to the auditor, who indorsed thereon, "Taxes paid and transfer entered." Upon these facts the trial judge held that the land was chargeable with the taxes for the year 1895, with accrued penalties, and directed judgment accordingly. The appellants appealed from an order denying their motion for a new trial.

The tax on the land for the year 1895 accrued as a cause of action in favor of the state in January, 1897, and was barred by the statute of limitations before the commencement of this proceeding, unless the time limitation, theretofore existing upon the right of the state to enforce the collection of taxes upon all property subject to taxation, was repealed by section 82, c. 2, p. 40, Laws 1902, which reads as follows: "The right to assess omitted property for any year or years or to reassess taxes upon property prevented from being collected for any

year or years, either as authorized and directed by this act, or otherwise, shall not be defeated by reason of any limitation contained in any statute of this state; but, except as otherwise provided in this act, there shall be no limitation of time upon the right of the state to provide for and enforce the assessment and collection of taxes upon all property subject to taxation." County of Redwood v. Winona & St. Peter Land Co., 40 Minn. 512, 41 N. W. 465, 42 N. W. 473. That the legislature had the constitutional right to repeal the time limitation for enforcing the payment of taxes in force at the time they became delinquent, at any time before the statute became a bar, is too firmly settled to justify any discussion of the question. No one can claim a right to the continuance of a mere statute of limitation until a cause of action against him is barred thereby. Cook v. Kendall, 13 Minn. 297 (324); Lambert v. Slingerland, 25 Minn. 457. The legislature, then, had the unquestioned right, by the statute in question, to repeal all time limitations on the right to enforce the collection of taxes and make it applicable to all cases where only a part of the time limit had then elapsed.

It is, however, urged by the appellants that the statute does not in terms apply to taxes which were delinquent prior to its adoption, and, further, that it was not the intention that it should so apply. The language of the statute is clear and specific that there shall be no limitation of time upon the right to enforce all taxes upon all property subject to taxation, and there is no good reason why effect should not be given to the statute according to its terms, by holding that it applies to all taxes, whether levied before or after its enactment. Such intention is manifest on the face of the statute.

The cases of Stein v. Hanson, 99 Minn. 387, 109 N. W. 821, and Jenks v. Henningsen, 102 Minn. 352, 113 N. W. 903, cited by counsel for appellants, are not here in point, for the reason that both cases related to rights acquired under a tax sale prior to the enactment of the general real estate tax law of 1902, and it was held that the substantial rights of the owner of the land sold for taxes and of the purchaser are determined by the law in force at the time the adverse proceedings were taken. There is no suggestion in the opinion in either case that there can be a vested right to the continuance of a statute of limitation until the bar shall be perfect. The right to a continuance

of the statute of limitation, as to taxes delinquent at the time the act of 1902 was passed, was not recognized and saved by section 88 thereof, which, so far as here material, is in the words following: "Nothing in this act contained·shall be deemed or held to affect any right accrued, duty imposed, or liability, penalty, forfeiture or obligation incurred under any law existing at and prior to the time when this act shall take effect." This saving clause is limited to "rights accrued"; but, as already stated, no right to a continuance of the statute had accrued in this case when it went into effect. Lambert v. Slingerland, 25 Minn. 457. It follows that the right of the state to enforce the payment of the taxes in this case is not barred.

It is further claimed that the state is estopped to enforce the taxes in question by reason of the facts stated. It must be conceded that, if the appellants are required to pay the taxes in question, it will be a hardship for them; but the state is not estopped by either the erroneous entry on the tax list or by the indorsement by the auditor on their deed to the effect that the taxes had been paid. County of Olmsted v. Barber, 31 Minn. 256, 17 N. W. 473, 944; State v. Weyerhauser, 68 Minn. 353, 371, 71 N. W. 265; State v. Shevlin-Carpenter Co., 102 Minn. 471, 480, 113 N. W. 634, 114 N. W. 738.

Order affirmed.