ALBERT PRIEBE v. A. H. AMES and Another.[1]

June 12, 1908.

Nos. 15,626—(133).

**Statute of Limitations.**

Section 2369, G. S. 1894, providing that no action for damages occasioned by a milldam shall be sustained unless brought within two years, construed, and *held*, that no action for damages for overflowing lands by the erection and maintenance of a milldam, which is a permanent structure, can be maintained unless it is brought within two years next after damages are first sustained by reason of the dam.

[1] Reported in 116 N. W. 829.

Action in the district court for McLeod county to recover $2,000 for the alleged negligent construction and maintenance of a dam whereby plaintiff's land was overflowed. From a judgment entered pursuant to an order, Morrison, J., granting defendants' motion for judgment on the pleadings, plaintiff appealed. Affirmed.

*John Moonan* and *John J. Isker,* for appellant.

*Sam. G. Anderson, Jr.,* for respondents.

START, C. J.

This is an appeal by the plaintiff from a judgment of the district court of the county of McLeod in favor of the defendants, which was entered upon the pleadings in an action, commenced in March, 1907, to recover damages sustained by the plaintiff as the result of the overflow of his land by a dam maintained by the defendants in the Little Crow river, a natural watercourse. The complaint alleged that the damages were so sustained between March, 1901, and the commencement of the action. The answer alleged, with other averments, that the plaintiff's cause of action did not accrue within two years next before the commencement of the action. The reply put in issue the new matter alleged in the answer, but by stipulation of the parties the reply was amended so that it then appeared from the pleadings that the dam was built in the river, that ever since its erection it had been used for milldam purposes, and, further, that it had not been raised or changed within at least six years before the commencement of the action. It follows, from these admissions, that the damages from the maintenance of the dam were continuous during the six years.

It is the contention of the defendants that the admitted facts show that the action is barred by the statute, which, so far as here material, is in these words: "No action for damages occasioned by the erection and maintenance of a milldam shall be sustained unless such action is brought within two years after the erection of said dam." G. S. 1866, c. 31, § 17; G. S. 1894, § 2369. Except for this statute, the claim of the plaintiff, to the effect that he is entitled to recover for any damages sustained by reason of the dam at any time within six years, would be correct, because the flowing of the land is in the nature of a continuing trespass or nuisance, and successive actions may be brought, unless the statute prevents, for the damages as they accrue, until the

right to flow the land is acquired by prescription. Bowers v. Mississippi & Rum River Boom Co., 78 Minn. 398, 81 N. W. 208, 79 Am. St. 395. This is conceded by counsel for the defendants, who contend that the general rule, that every continuance of a nuisance is in law a new nuisance, and that an action may be maintained for the damages caused thereby from time to time as they accrue, has, by reason of the statute, no application to milldams. We have, then, for consideration two questions.

1. Does the statute apply to the milldam in question? The plaintiff ' claims in this connection that thé dam was not constructed under the statute, but was unlawfully in the stream; hence it is not within the provisions of the statute, and is governed by the general rule as to actions for damages from continuing nuisances. The language of the statute is general, and purports to apply to all dams used for mill purposes, and not simply to those the right to erect and maintain which has been acquired by the exercise of the power of eminent domain. There is no reason for so limiting the scope of the statute, even if the language would permit; for, if so limited, the statute would serve no practical purpose, because in cases where the right to erect and maintain the dam has been acquired as provided by the milldam act it is not a nuisance, and there would be no occasion for the statute in such cases. It is quite apparent that the legislature, in re-enacting this statute, understood that it applied to all milldams; for the limitation is made a part of the general statute of limitations in these words: "The following actions shall be commenced within two years: * * * For damages caused by a milldam." R. L. 1905, § 4078, subd. 3. We hold that the limitation applies to all milldams, including the one here in question.

2. What is the effect of the statute upon the right to maintain an action for damages which are continuous by reason of the maintenance of a milldam which is a permanent structure? This statute, if given full effect according to its terms, will not bar an action to abate a milldam as a nuisance if an action to recover damages is not brought within two years next after the damages first accrued. This conclusion follows from the fact that a landowner, whose land is overflowed without right by reason of a milldam, has two distinct remedies. He may bring an action at law to recover damages, or he may bring an

equitable action, any time within fifteen years, to abate the nuisance. It is obvious that a resort to the first remedy in no manner impairs the second one; for the first relates to past damages. The short statute of limitation here under consideration relates only to an action for damages, and the question is as to the effect of the statute upon the right to bring successive actions for damages occasioned by the erection and maintenance of a milldam which is, as in this case, a permanent structure.

Counsel for the plaintiff seems to claim that the question whether a milldam is a permanent structure is to be determined, not by the character of the structure and the purposes for which it was erected, but by an inquiry whether it has been legally established and is lawfully in the stream. This cannot be correct, because, as already suggested, if the dam has been legally established and is rightfully in the stream, there could be no action, either for damages or for its abatement, and the statute would serve no purpose whatever. It may be conceded that in many jurisdictions the general rule is that the statute of limitations cannot be invoked to defeat successive actions for damages for the flooding of land until the right to flood it has been acquired by prescription, because every continuance of the injury is held to be a fresh nuisance. It is quite clear, from the decisions of this court relevant to the statute, that the purpose of the short limitation imposed thereby was to quiet a millowner's right to maintain a permanent dam, as against actions for damages caused by it, leaving the injured party at liberty to prosecute his remedy for the abatement of the dam at any time he may choose before a prescriptive right to flow his land is acquired. If the statute were to be construed as taking away the right to maintain an action by a landowner to abate a dam as a nuisance, its constitutionality might well be doubted. See Baker v. Kelley, 11 Minn. 358 (480). But it is manifest that such is not a proper construction of the statute, for by its terms it applies only to an action for damages, leaving the remedy by action to abate intact.

A brief reference to our own decisions will show that this is the proper construction of the statute. In Thornton v. Turner, 11 Minn. 237 (336), which was an action to recover damages for the overflowing plaintiff's land by the defendant's milldam, and to have the dam abated as a nuisance, it was held that this statute applied only to ac-

tions for the recovery of damages, and that the limitation commences to run only from the time the dam raises the water so as to overflow the land of another. In the case at bar the dam had not been changed for six years before the commencement of the action; hence the overflowing of the plaintiff's land by the dam commenced more than two years before the commencement of the action. In Eastman v. St. Anthony Falls Water-Power Co., 12 Minn. 77 (137), it was held that it was immaterial, in an equitable action for the removal of a nuisance, whether the action at law for damages was barred. This is a clear recognition that an action for damages resulting from a nuisance and an action to abate it are distinct and independent remedies, and therefore the legislature may enact a different statute of limitation for each. It was also held in Cook v. Kendall, 13 Minn. 297 (324), that the statute here in question applied only to an action for damages. The case of Thornton v. Webb, 13 Minn. 457 (498), is to the same effect. In the case of Hempsted v. Cargill, 46 Minn. 118, 48 N. W. 558, the short limitation prescribed in this statute was recognized as effective, and it was held, following previous cases, that the two-year limitation begins to run, not necessarily from the erection of the dam, but from the time damages are first sustained thereby; hence the limitation for bringing an action for damages caused by permanently increasing the height of a dam within two years next before the commencement of the action was not affected by the fact that damages had been caused several years before the dam was raised by temporary additions thereto. The court in this case, speaking by Chief Justice Gilfillan, said:

"The purpose of imposing a limitation different from that in ordinary actions is apparent. Milldams are assumed to be of public benefit, and the right to maintain one ought not to remain long in doubt. For that reason, where the right to maintain a dam is brought in question by an action for damages, a short limitation is imposed. * * * The spirit of section 17" (the statute here in question) "is to quiet one's right to maintain a permanent dam as against actions for damages caused by it."

Mr. Farnham, in his valuable work on Waters and Water Rights, sums up the question in these words: "The only logical rule is that, if the upper owner wishes to recover damages for his injury, he must bring his action within the time named by the statute of limitations.

But the statute also provides, or, in the absence of such provision, the presumption of law is, that an interest in real estate can be acquired only by adverse possession for a much longer period than six years. * * * Therefore, there is a right of action to prevent the perfecting of the easement which is entirely distinct from that to recover damages for the injury. * * * This is the rule which is applied by the Minnesota court. For it holds that the statute governing the time for commencing actions for damages does not apply to suits to enjoin an obstruction to the flow of water. * * * This is the only true and logical rule. It is absurd to resort to the legal fiction that every continuance of the nuisance is a fresh one, to carry along a right of action for damages merely to protect the upper owner from the acquisition of an adverse easement, which cannot, by any analogy, be acquired short of the time necessary to acquire an interest in real estate, where the only necessity for resorting to such fiction is the erroneous holding that a real action will not lie to prevent such a result." [Vol. 2, p. 1860].

Such being the rule established by our own court, we have no occasion to discuss the decisions of other courts, cited by plaintiff, holding the contrary. We accordingly hold that by virtue of the statute no action for damages for overflowing lands by the erection and maintenance of a milldam, which is a permanent structure, can be maintained unless it is brought within two years next after damages are first sustained by reason of the dam.

Judgment affirmed.