KING, Appellant, v. HUTTERISCHE BRUDER GEMEINDE et al., Respondents.

(143 N. W. 902.)

**1. Limitation of Actions—Flowing of Land—Milldam—Two-year Statute—Special Statute—Legislative Intent.**

Where defendant erected a milldam, causing a yearly overflowing of plaintiff's land, rendering same useless for agricultural purposes, the injury was a permanent one, and not a periodical injury to growing crops; and, **held**, the right of action is barred by the two-year limitation provided by Code Civ. Proc., Sec. 857, declaring that actions for damages by erection and maintenance of a milldam shall be brought within two years after such erection. **Held**, further, that the fact that said section is part of a special act relating to the location of milldams will not prevent it from applying to all cases of such damages, where such was the apparent intention of the legislature.

(Opinion filed November 18, 1913.)

Appeal from Circuit Court, Hutchinson County. Hon. Robert B. Tripp, Judge.

Action by Charles King against the Hutterische Bruder Gemeinde, a corporation, and the Hoderische Bruder Gemeinde, a corporation, to recover damages from alleged overflowing of plaintiff's land caused by defendants' milldam. From a judgment for defendants, plaintiff appeals. Affirmed.

*Edward E. Wagner,* for Appellant.

The provisions of section 857 do not apply to this action.

Considering this two year statute in connection with the general limitation statute requiring actions for trespass to be brought within six years, and the main purpose of the mill dam act, of which it is a part, it seems clear that the object of the Legislature was to limit the time for bringing actions for damages that had previously been sustained to two years after the enactment of the law, or two years after the erection of the dam in the manner provided by law. Prieve v. Ames, 104 Minn. 419, 116 N. W 829, 17 L. R. A. (N. S.) 206.

Our Code has been twice revised since this special law was originally enacted by the Territorial Legislature, but this two year limitation has never been incorporated into the general statute of limitation, and it remains as originally enacted in the mill dam statute.

Successive actions may be brought for damages resulting from obstructions of this character following each injury. 25 Cyc. 1144.

*N. J. Cramer,* for Respondent.

The appellant cannot maintain his action for the reason that more than two years have elapsed since the dam was erected in 1875. Shearer v. Hutterische Bruder Gemeinde, 28 S. D. 509.

McCOY, J. [1] By his complaint plaintiff alleges that he is the owner of certain lands; that defendant is the owner of a certain dam and mill property situated on the James river below the said land of plaintiff; that during the year 1904 defendant, without lawful authority, and without compensating plaintiff, and without authority or permission of plaintiff, reconstructed, added to, and built upon the top of said dam, and strengthened the same, and raised it in such a manner as to further retard, obstruct, and prevent the natural flow of the water of said stream through the

natural channels thereof, and caused the water to overflow and accumulate in large quantities above the said dam, and to over-flow the banks of said stream in such a manner as to flood the lands of plaintiff each year since 1904 during the annual thaws and freshets and in times of high water occasioned annually so as to destroy the annual crops and grasses planted and growing thereon, and has created bogs and marshes on said land, and by reason thereof said land has soured and spoiled, and has grown up with coarse and worthless grasses, flags, and cat-tails, and said land has been thereby rendered worthless and destroyed for agricultural purposes, and plaintiff has suffered damage, etc. To which complaint defendant interposed, among other things, the answer of the two-year statute of limitations provided for by section 857, Code Civ. Proc. To this answer of this statute of limitation plaintiff interposed a demurrer, on the ground that the same did not constitute any defense to the cause of action alleged by plaintiff. The demurrer was overruled, and plaintiff appeals.

[2] The sole question presented by this appeal is what statute of limitation applies to the alleged cause of action, whether the general six-year limitation found in section 60, Code Civ. Proc., or the two-year limitation found in section 857. We are of the opinion that the two-year limitation is applicable to the character of permanent damages alleged in the complaint. The bogs and marshes which formed on plaintiff's land each year after 1904, and which rendered said land worthless, and destroyed the same for agricultural purposes, was a damage of a continuing permanent nature, and the cause of action accrued therefor immediately upon the erection of said dam in 1904. It was a permanent injury to the land, for which there could be but one recovery. It was not a periodical injury to growing crops. 2 Farnham on Waters, p. 1860; 25 Cyc. 1140. The provisions of section 857 are general in their terms, and appear to apply to all damages of the character here alleged occasioned by the construction of milldams. The mere fact that section 857 appears in and as a part of a special act relating to the location of milldams, and ascertainment of the amount of damages caused by the erection thereof, would not prevent the provisions of said section 857 from applying to all cases of damage where such, from the

express language used, was the apparent intention of the Legislature. The Legislature had the same right to enact the two-year limitation that it had to enact the six-year limitation. The length of the limitation was solely a matter of legislative wisdom. It is said the milldams are assumed to be of public benefit, and that there are many reasons of legislative policy in favor of the shorter limitation. Some contention is made that the milldam in question was unlawfully in said stream; but we are of the opinion this contention is not well founded. It will be observed that the milldam in question was constructed wholly on the lands of defendant. The defendant had the right to so construct upon its land whatever milldam it pleased, being responsible, however, for the abuse of such right, and liable for the payment of damages occasioned thereby to the property of others. We are of the opinion that it was not an unlawful milldam in the sense that defendant had no right to construct the same at all, or that the construction thereof was expressly forbidden by law. Others who suffered damage thereby might either enjoin the continuance thereof or bring action for damages. These views are fully sustained by the following decisions: Priebe v. Ames, 104 Minn. 419, 116 N. W. 829, 17 L. R. A. (N. S.) 206, and note; Hardesty v. Ball, (Kan.) 22 Pac. 1095; Id., 43 Kan. 151, 23 Pac. 937; 2 Farnham on Waters, p. 1860.

Finding no error in the record, the judgment appealed from is affirmed.