## GERD E. WILKING v. COUNTY OF CHIPPEWA.[1]

Nos. 34,501, 34,502.

February 6, 1948.

*Sigvald B. Oyen* and *John P. Nelson,* for appellant.
*R. M. Saltness* and *Ernest F. Jacobson,* for respondent.

MAGNEY, JUSTICE.

The principal questions raised in this case were considered and determined in Oleson v. County of Chippewa, 225 Minn. 412, 31 N. W. (2d) 432. However, an additional element enters into this case. Petitioner acquired the land being assessed on May 4, 1938. Much of the work had been done prior to that date. In State v. Weyerhauser, 68 Minn. 353, 372, 71 N. W. 265, 271, the court stated:

"* * * Property should not and cannot escape its just share of taxation by merely changing owners. It is not the individual which

[1]Reported in 31 N. W. (2d) 437.

the government seeks, upon whom to impose the taxes, but the property itself, a proceeding, as it were, in rem."

In the same case it also stated (68 Minn. 371, 71 N. W. 271):

"In respect to the question that the lands have changed ownership since the assessment, and that defendants have purchased the property since the original assessment and payment of the taxes by the then owners, it must be conceded that an apparent hardship has been produced. Upon this point Blackwell on Tax Titles, § 951, says:

" 'Individual hardship may sometimes be produced, as where lands have changed hands since the time when the tax should have been collected from it; but similar injustice in particular cases is incident to all taxation, and will not avoid such a reassessment.' "

County of Olmsted v. Barber, 31 Minn. 256, 17 N. W. 473, 944; State v. Foster, 104 Minn. 408, 116 N. W. 826; Croswell v. Benton, 54 Minn. 264, 55 N. W. 1125; State v. O'Connell, 170 Minn. 76, 211 N. W. 945.

Judgments reversed.

UPON APPLICATION FOR REARGUMENT.

On March 12, 1948, the following opinion was filed:

PER CURIAM.

Judgments modified in accordance with original opinion herein, following opinion on application for reargument in Oleson v. County of Chippewa, 225 Minn. 422, 31 N. W. (2d) 437, filed herewith.

MR. JUSTICE JULIUS J. OLSON took no part in the consideration or decision of this case.